```
                    ─── FILED      ─── ENTERED
                    ─── LODGED     ─── RECEIVED

                         JAN 20 2006    LR

                              AT SEATTLE
                    CLERK U.S. DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                                            DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAVU, INC., on behalf of itself and all others similarly situated,

    Plaintiff,

v.

OMNIPAK CORPORATION,

    Defendant.

No.: C06-0109 JPD

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441

Noted: January 20, 2006

06-CV-00109-CMP

TO:    CLERK OF THE COURT

AND TO:    Plaintiff

AND TO:    Mark Griffin, Raymond J. Farrow, and Rob Williamson, Attorneys for Plaintiff

PLEASE TAKE NOTICE that Omnipak Corporation ("Defendant") hereby removes this action from the Superior Court of the State of Washington for the County of King to the United States District Court for the Western District of Washington at Seattle.

1.

Defendant is a party in a civil action brought against it in the Superior Court of the State of Washington for the County of King entitled: *Kavu, Inv. v. Omnipak Corporation,*

NOTICE OF REMOVAL:  
No.:

Page 1

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

ORIGINAL

King County Cause Number 05-2-40358-6. (A copy of the Summons and Complaint in that action are attached to this Notice as Exhibit No. 4-19).

2.

The state court action was commenced when the Complaint was filed with the county clerk for King County, Washington, on or about December 14, 2005. A copy of the Summons and Complaint were served on Defendant on December 21, 2005. Defendant has filed no pleadings in this cause. The Notice of Removal is being filed within 30 days after service of process.

3.

The lawsuit is a civil action filed as a proposed class action under Washington State Superior Court Civil Rule 23 for violation of the Telephone Consumer Protection Act (47 U.S.C. §227) ("TCPA"); violation of the Washington Unsolisited Fax Law (RCW 80.36.540); violation of the Washington Consumer Protection Act (RCW 19.86.020); and declaratory relief under the Washington Declaratory Judgment Act (RCW 7.24.010).

4.

The state court action is a controversy between citizens of different states. At the time the Summons and Complaint were filed and served, Plaintiff was, and now is, an active corporation doing business in the State of Washington. At the time the Summons and Complaint were filed and served, Defendant was, and now is, an active corporation doing business in the State of Oregon. Complete diversity exists between the parties.

5.

Defendant has a good faith believe the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. Plaintiff seeks to represent a National Class composed of "all persons who received an unsolicited advertisement in or about August 13, 2005, via facsimile from defendant. Plaintiff alleges in its Complaint that Defendant may have contacted "hundreds," if not more, persons. Plaintiff, who in its Complaint does not

specify a dollar amount of damages sought, has alleged that it is entitled to the following damages: $500 for Plaintiff and each member of the National Class and the Washington subclasses, and seeks trebling of that amount under the TCPA and the Washington Consumer Protection Act. While denying liability or any element of class action certification, Defendant believes in good faith that the matter in controversy exceeds $5,000,000.

6.

This is an action of civil nature between parties in different states and which this court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2) (diversity of litigants), in that it is a class action suit for damages in which the matter in controversy exceeds the sum of $5,000,000 exclusive of interest and costs and is between companies of different states.

7.

Pursuant to 28 U.S.C. 1446(d), copies of this Notice of Removal of Civil Action are being served upon Plaintiff's attorney and filed with the Clerk of the Superior Court of the State of Washington for King County.

8.

By filing this Notice of Removal, defendant does not waive, and expressly reserves all rights, defenses, or objections of any nature that it may have to plaintiff's claims, including but not limited to, lack of jurisdiction over the person, improper venue, insufficiency of service of process, *forum non conveniens*, and change of venue.

//
//
//
//
//
//
//

NOTICE OF REMOVAL:     Page 3     Bullivant|Houser|Bailey PC
No.:     1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

1 | DATED: January 20, 2006

BULLIVANT HOUSER BAILEY PC

*[signature: Pamela Salgado]*

Thomas R. Merrick, WSBA #10945
E-mail: tom.merrick@bullivant.com
Pamela Salgado, WSBA #22741
E-mail: pam.salgado@bullivant.com
Attorneys for Defendant Omnipak Corporation
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130

3476966.1

NOTICE OF REMOVAL:
No.:                                                                Page 4

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

RECEIVED
2005 DEC 14 PM 3:37

KING C...
SUPERIOR COURT CLERK
SEATTLE, WA

RECEIVED
JUDGES MAIL ROOM
2005 DEC 14 PM 3:45
KING COUNTY
SUPERIOR COURT

The Honorable

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| KAVU, INC., | CLASS ACTION |
| Plaintiff, | No. 05-2-40358-6 SEA |
| v. | SUMMONS |
| OMNIPAK CORPORATION, | |
| Defendant. | |

THE STATE OF WASHINGTON, TO: OMNIPAK CORPORATION, Defendant.

TO THE DEFENDANT: A lawsuit has been started against you in the above-entitled court by plaintiff, KAVU, Inc. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of any attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

SUMMONS - 1

COPY

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\25589\113\PLEADINGS\SUMMONS121305.DOC

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 14th day of December, 2005.

KELLER ROHRBACK L.L.P.

By /s/ Mark A. Griffin
Mark A. Griffin, WSBA #16296
Raymond J. Farrow, WSBA #31782

WILLIAMSON & WILLIAMS
Rob Williamson, WSBA #11387
Williamson & Williams
811 First Avenue, Suite 620
Seattle, WA 98104

*Attorneys for Plaintiff and the Proposed Class and Subclass*

SUMMONS - 2

N:\CLIENTS\25589\1113\PLEADINGS\SUMMONS121305.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Notice of Removal
Exhibit No. 006

RECEIVED
2005 DEC 14  PM 3:37
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

RECEIVED
JUDGES MAIL ROOM
2005 DEC 14  PM 3:45
KING COUNTY
SUPERIOR COURT

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

KAVU, INC., on behalf of itself and all others similarly situated,

    Plaintiff,

v.

OMNIPAK CORPORATION,

    Defendant.

CLASS ACTION

No. _____

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND INCIDENTAL DAMAGES ARISING OUT OF TRANSMISSION OF UNSOLICITED FAXES

Plaintiff brings this action in an individual capacity and on behalf of a class and subclass of persons defined below and for its complaint alleges as follows:

## NATURE OF ACTION

1. This is a proposed class action brought on behalf of persons and/or businesses that received an unsolicited advertisement to their telephone facsimile machine from Defendant Omnipak Corporation.

2. Plaintiff alleges that Defendant's use of a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine violates the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Washington Unsolicited Telefacsimile statute, ("Washington Unsolicited Fax Law"), RCW 80.36.540. Moreover, a violation of the Washington Unsolicited Fax Law constitutes a *per se* violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86.

CLASS ACTION COMPLAINT - 1 

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\25589\1131\PLEADINGS\COMPLAINT121405.DOC

Notice of Removal
Exhibit No. 007

3. Plaintiff brings this action in an individual capacity and on behalf of a class and subclass of persons similarly situated, as defined below.

## THE PARTIES

4. Plaintiff KAVU, Inc., is a Washington corporation that does business in and whose principal place of business is King County, Washington. Plaintiff has received an unsolicited facsimile advertisement (hereinafter "fax") that was sent by or at the direction of Defendant.

5. Upon information and belief, Omnipak Corporation, is an Oregon corporation whose principal place of business appears to be in the State of Oregon. Defendant has sent unsolicited faxes or contracted with a third party to send said faxes into King County, Washington, and by virtue of the facts alleged herein does business in King County, Washington.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action because Defendant transacted business within the State of Washington at all times relevant hereto; initiated contact soliciting business in the state of Washington; had continuous and systematic contacts with the State of Washington; and committed tortious acts within the State of Washington.

7. In addition, the following factors support jurisdiction of the Washington courts over this Defendant:

(a) The State of Washington has an interest in providing a forum for its resident plaintiffs;

(b) Plaintiff's access to another forum would be extremely burdensome and difficult to obtain;

(c) The continuous and systematic activity of Defendant sending unsolicited faxes into this state;

CLASS ACTION COMPLAINT - 2

N:\CLIENTS\25589\1313\PLEADING\COMPLAINT121405.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Notice of Removal
Exhibit No. 008

(d) Defendant purposefully availed itself of economic benefits and resources of the State of Washington as a result of its activities; and

(e) The foreseeability of Defendant being haled into Washington, as a result of conducting business in Washington State.

8. The Washington courts, therefore, have jurisdiction over the parties and the subject matter of the lawsuit.

9. Venue is proper in King County Superior Court because Defendant conducted business in this county by sending Plaintiff an unsolicited fax to a Washington business address.

## FACTUAL ALLEGATIONS

10. In March, 2004, the independent Consumer Union published the results of its investigation, finding that consumers are "suffering a junk-fax plague." Despite the Federal Communications Commission's issuance of hundreds of citations against companies for sending unwanted faxes, the plague continues. Consumer Union recommends the filing of complaints with state attorney general's office. "Jay Nixon, Missouri's attorney general, says the answer is to continue filing lawsuits until violators find faxing too costly. 'Until the remedies exceed their profits, my sense it they will keep pushing,' he said."

11. Plaintiff operates an outdoor clothing and accessories business located in Seattle, Washington and receives a large quantity of unsolicited advertisements by facsimile that are a drain on its business.

12. Defendant is a business that manufactures specialized poly and plastic bags and packaging

13. On August 13, 2005, Plaintiff received an unsolicited fax from Defendant. The unsolicited fax is attached as Exhibit A. Said fax is unlawful under federal law, the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, and Washington law,

CLASS ACTION COMPLAINT - 3

N:\CLIENTS\2538001\13\PLEADINGS\COMPLAINT121405.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RCW 80.36.540 ("Washington Unsolicited Fax Law"), which constitutes a *per se* violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86.020.

14. As a result of Omnipak Corporation's conduct, Plaintiff and members of the class and subclass suffered property damage in the form of the cost of their own paper and ink required to print Omnipak Corporation's advertisement, as well as loss of use of their facsimile machine resulting in potential lost business due to their facsimile telephone line being engaged preventing the receipt of genuine business opportunities from other potential customers.

15. As a result of Omnipak Corporation's advertising material, Plaintiff and members of the class and subclass suffered a violation of their right to privacy resulting from the unwanted intrusion of Omnipak Corporation on their property.

## CLASS ACTION ALLEGATIONS

16. This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3). Plaintiff seeks to represent a National Class comprised of:

> All persons who received an unsolicited advertisement in or about August 13, 2005, promoting "Omnipak's Summer Bag Special is here" via facsimile from Defendant.

17. Plaintiff and members of the National Class were recipients of unsolicited facsimiles in violation of the TCPA.

18. Plaintiff also brings this action on behalf of a Subclass of the National Class comprised of Washington State residents (hereinafter "Washington Subclass") comprised of:

> All persons residing in Washington State who received an unsolicited advertisement in or about August 13, 2005, promoting "Omnipak's Summer Bag Special is here" via facsimile from Defendant.

CLASS ACTION COMPLAINT - 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\25559\1113\PLEADINGS\COMPLAINT121405.doc

19. Plaintiff and members of the Washington Subclass were recipients of unsolicited facsimiles in violation of the TCPA, the Washington Unsolicited Fax Law, and the WCPA.

20. This action is properly brought as a class action under CR 23(b)(2), and (b)(3) for the following reasons:

I. Upon information and belief, Plaintiff alleges Defendant may have contacted hundreds, if not more, persons. Therefore, the National Class and Washington Subclass consist of hundreds of persons and is so numerous that joinder of all members is impracticable. Thousands of businesses and consumers own facsimile machines and Defendant targeted persons with facsimile machines.

II. There are questions of law or fact common to the National Class and Washington Subclass, which predominate over any questions affecting individual member, including:

(i) Whether Defendant violated the TCPA, the Washington Unsolicited Fax Law, and the WCPA when sending unsolicited faxes in the form attached hereto or in a similar manner;

(ii) Whether facsimiles that are the same or similar to Exhibit A constitute "unsolicited advertisements" under the TCPA;

(iii) Whether facsimiles that are the same or similar to Exhibit A constitute "unsolicited . . . telefacsimile messages promoting goods and services for purchase by the recipient" under the Washington Unsolicited Fax Law;

(iv) Whether Plaintiff and members of the National Class are entitled to damages under the TCPA;

CLASS ACTION COMPLAINT - 5

N:\CLIENTS\25589\1113\PLEADINGS\COMPLAINT121405.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(v)   Whether Plaintiff and members of the Washington Subclass are entitled to damages under the Washington Unsolicited Fax Law and the WCPA;

(vi)  Whether Plaintiff and members of the National Class are entitled to treble damages under the TCPA;

(vii) Whether Plaintiff and members of the National Class are entitled to injunctive relief under the TCPA; and

(viii) Whether Plaintiff and members of the Washington Subclass are entitled to injunctive relief under the Washington Unsolicited Fax Law and the WCPA.

III. The claims asserted by Plaintiff are typical of the claims of the members of the National Class and Washington Subclass and there is uniformity in the federal and state legislation prohibiting the practice complained of and providing statutory damages that may be pursued in state court.

IV. Plaintiff will fairly and adequately protect the interests of the National Class and Washington Subclass. Plaintiff's claims are typical of the members of the Class and Subclass because, it, as with all class members, received one or more unsolicited faxes from Defendant attempting to "sell a custom made label for only 300 dollars." Plaintiff seeks no relief that is antagonistic or adverse to other members of the Class or Subclass.

V. Plaintiff has retained counsel competent and experienced in class and consumer litigation and has no conflict of interest with other National Class and Washington Subclass members in the maintenance of this class action. In addition, Plaintiff has no relationship with Defendant. Plaintiff will vigorously pursue the claims of the National Class and Washington Subclass.

CLASS ACTION COMPLAINT - 6

N:\CLIENTS\25589\13\PLEADINGS\COMPLAINT121405.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Notice of Removal
Exhibit No. 012

VI. Defendant has acted on grounds generally applicable to Plaintiff and the National Class and Washington Subclass as alleged herein, thereby making appropriate final injunctive relief and incidental damages with respect to the National Class and Washington Subclass as a whole.

VII. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the National Class's and Washington Subclass's claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

VIII. Because the loss suffered by individual National Class and Washington Subclass members may be relatively small, the expense and burden of individual litigation makes it impracticable for National Class and Washington Subclass members to individually seek redress for the wrongs done to them. Plaintiff believes that National Class and Washington Subclass members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief. Hence, a class action is the only feasible means of recovery for the National Class and Washington Subclass members. Furthermore, without a class action, National Class and Washington Subclass members will continue to suffer damages and Defendant will continue to violate federal and state law, retaining and reaping the proceeds of their wrongful marketing practices.

IX. Plaintiff does not anticipate any difficulty in management of this action because the evidence proving Defendant's violation of the statutes is ascertainable through discovery. The identities of the Class and Subclass members are known by Defendant, and damages can be calculated from Defendant's records. This action poses no unusual difficulties that would impede its management by the Court as a class action.

CLASS ACTION COMPLAINT - 7

N:\CLIENTS\255891\13\PLEADINGS\COMPLAINT121405.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
(47 U.S.C. § 227 et seq.)

21. Defendant used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to telephone facsimile machines, including a telephone facsimile machine owned by Plaintiff.

22. On information and belief, in each instance Defendant transmitted the unsolicited faxes to telephone facsimile machines themselves, or had a high degree of involvement in the transmission of the unsolicited faxes to telephone facsimile machines. For example, it knew that the transmitted faxes were advertisements; it participated in preparing their content; it provided or obtained the fax telephone numbers of Plaintiff and other recipients; it compensated a third party for transmitting the unsolicited faxes to telephone facsimile machines; and/or it knew that Plaintiff and other recipients had not authorized the faxes' transmission by prior express invitation or permission.

23. As a result of said conduct, Plaintiff and members of the National Class have sustained damages. Under the TCPA, Plaintiff and all members of the National Class are entitled to injunctive and declaratory relief enjoining Defendant's unlawful conduct, as well as incidental statutory damages.

24. As a result of said conduct, Plaintiff and members of the National Class suffered property damage, and Defendant has invaded the privacy interest of Plaintiff and members of the National Class.

## COUNT II

### VIOLATION OF THE WASHINGTON UNSOLICITED FAX LAW AND THE WCPA
(RCW 80.36.540 & RCW 19.86.020)

CLASS ACTION COMPLAINT - 8

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\Clients\25589\113\Pleadings\Complaint121405.doc

Case 2:06-cv-00109-RSL   Document 1   Filed 01/20/06   Page 15 of 19

25. Defendant initiated the unsolicited transmission of facsimile messages promoting goods and services for purchase by Plaintiff and members of the Washington Class, in violation of the Washington Unsolicited Fax Law.

26. Defendant initiated the unsolicited transmission of facsimile messages to Plaintiff and members of the Washington Class, with whom Defendant had no prior contractual or business relationship, removing their actions from the exception set forth in RCW 80.36.540(3)(a).

27. As a result of said conduct, Plaintiff and members of the Washington Subclass have sustained damages. Under the Washington Unsolicited Fax Law, Plaintiff and all members of the Washington Subclass are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as incidental statutory damages in the amount of $500, or treble that amount as determined by law.

28. As a result of said conduct, Plaintiff and members of the Washington Subclass suffered property damage, and Defendant has invaded the privacy interest of Plaintiff and members of the Washington Subclass.

## COUNT III

### DECLARATORY RELIEF UNDER THE WASHINGTON DECLARATORY JUDGMENT ACT
### (RCW 7.24.010)

29. Defendant used a telephone facsimile machine, computer, or other device to send advertisements to telephone facsimile machines, including a telephone facsimile machine owned by Plaintiff.

30. Defendant did not obtain "express invitation or consent" to send Plaintiff or the Class the facsimiles at issue as required by the TCPA.

CLASS ACTION COMPLAINT - 9

N:\CLIENTS\25589\1\PLEADINGS\COMPLAINT121405.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Notice of Removal
Exhibit No. 015

31. Defendant did not have a "prior contractual or business relationship" with Plaintiff or any member of the class as those terms are defined in the Washington Unsolicited Fax Law.

32. Plaintiff is entitled to have its rights, status and legal relations under the TCPA relating the Defendant's sending of facsimile advertisements established by this Court.

33. Plaintiff is entitled to have its rights, status and legal relations under the Washington Unsolicited Facsimile Act relating the Defendant's sending of facsimile advertisements established by this Court.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests judgment against Defendant for itself and the members of the National Class and Washington Subclass as follows:

A. Certification of the National Class and Washington Subclass pursuant to CR 23(b)(2) or CR 23(b)(3);

B. Granting extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to send unsolicited faxes;

C. Judgment in the amount of $500 for Plaintiff and each member of the National Class and the Washington Subclass for incidental statutory damages for each individual unsolicited fax received by them from Defendant;

D. Judgment in the amount equal to three times the damages to Plaintiff and members of the National Class under the TCPA, and Washington Subclass under the WCPA;

E. A Declaration that Defendant has violated the TCPA because it failed to obtain "express invitation or consent" to send the subject facsimiles to Plaintiff or the class;

CLASS ACTION COMPLAINT - 10

N:\CLIENTS\2558\1\13\PLEADINGS\COMPLAINT121405.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

F.  A Declaration that Defendant has violated the Washington Unsolicited Fax Act because it failed to obtain permission to send the fax and had no implied permission through a "prior contractual or business relationship" with Plaintiff or the class prior to sending the facsimiles at issue;

G.  Judgment for costs and fees incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs, as provided by law; and

H.  Granting such other and further relief as the Court deems just and proper.

DATED this 14th day of December, 2005.

KELLER ROHRBACK L.L.P.

By /s/ Mark A. Griffin
Mark A. Griffin, WSBA #16296
Raymond J. Farrow, WSBA #31782

WILLIAMSON & WILLIAMS
Rob Williamson, WSBA #11387
Williamson & Williams
811 First Avenue, Suite 620
Seattle, WA 98104

*Attorneys for Plaintiff and the Proposed Class and Subclass*

CLASS ACTION COMPLAINT - 11

N:\CLIENTS\25580\1 13\PLEADINGS\COMPLAINT121405.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Notice of Removal
Exhibit No. 017

# Exhibit A

DOCUMENT?

Notice of Removal
Exhibit No. 018

TO: Purchasing Agnt, Inc.        FROM: OMNIPAK CORPORATION        8-13-05  8:07am  p. 1 of 1



# BAGS BAGS BAGS!!!

**OMNIPAK'S** Summer Bag Special is here!!!!

**Increase your Company Brand Name Awareness!!!!**

Come see why **OMNIPAK** is Portland's _leading provider_ in custom printed poly and plastic bags!!!!

| | | |
|---|---|---|
| Custom Plastic Bags | Corporate Bags | Produce Bags |
| Specialty Food Bags | Promotional Bags | Padded Bags |
| T-Shirt Bags | Parts Bags | Air and Dunnage Bags |
| Carry Out Bags | Litter Bags | Bin Liner Bags |
| Zip Lock Bags | Pallet Covers/Bags | All Poly Bags and |
| Grocery Bags | Merchandise Bags | Poly Tubing |
| Bags On A Roll | Retail Bags | Shrink Bags and |
| Advertising Bags, | All Printed Specialty Bags | Shrink Tubing |
| Personalized Bags | Coffee Bags | |

- We specialize in custom made poly and plastic bags and packaging.
- We provide custom printing on one or both sides, using up to six colors.
- We have extremely competitive pricing for quality products and are service-driven and focused to exceed your expectations.

Order by August 31st and **OMNIPAK** will pay your plate charges!

Give us a call today to get your custom bags on the way!

To be removed from our faxes, please fax to (503)-280-1900

Phone 503-280-9000 * Fax 503-280-1900

Omnipak Corporation
6322 N.E. Halsey St.
Portland, OR. 97213

Notice of Removal
Exhibit No. 019