**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
CHIEF JUDGE                                                                                          (206) 370-8810

July 17, 2006

Rob Williamson                          Cheryl Adamson
Williamson & Williams                   R. George Ferrer, PS
811 1st Ave.                            999 Third Ave.
Suite 620                               Suite 3105
Seattle, WA 98104                       Seattle, WA 98104

**Delivered Via CM/ECF**

  RE: <u>Kavu, Inc. v. Omnipak Corp.</u>, C06-109RSL
     Stipulated Protective Order

Dear Counsel:

On July 7, 2006, the Court received your Stipulation and [Proposed] Protective Order (Dkt. # 15).

Pursuant to Fed. R. Civ. P. 26(c), protective orders should be issued "for good cause shown." This is a public court and its business should be conducted publicly unless there is a specific reason to keep things confidential. As stated in Local Civil Rule 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public view." On the few occasions when protective orders are appropriate, they should be narrowly drawn with a presumption in favor of open and public litigation.

The stipulated protective order submitted in this case is deficient in the following respects:

First, the proposed order does not comply with the Local Rules for filing documents under seal.[1]  The Court will not sign stipulated protective orders to authorize documents to be filed under seal simply based on the fact that they were marked by the parties as confidential in the course of discovery.  "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review."  Local Rule CR 5(g)(1).  The parties' description of confidential documents in the proposed order is vague and open-ended.  They have not made a compelling showing that the public and the parties' interests in protecting the documents marked "confidential" from public review outweigh the public's right of access.

Second, the method for filing sealed documents described in the proposed order does not comport with this district's electronic filing procedures.

Third, the proposed order purports to prohibit the Court and its personnel from disclosing "confidential" documents or the information contained therein or timely responding to a valid subpoena.  Such limitations on the Court's ability to maintain and produce public records or utilize "confidential" information in its orders are unacceptable.

You may, of course, agree on confidentiality among yourselves, but when you request that the Court be involved, you must make the requisite showing.  The stipulated protective order received by the Court will remain lodged in the file but will not be entered.

Sincerely,

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

---

[1] Parties seeking an order to seal any documents must provide a specific description of particular documents or categories of documents they seek to protect and "*a clear statement of the facts* justifying a seal and overcoming the strong presumption in favor of public access."  Local Rule CR 5(g)(2) (emphasis added).  The facts supporting any motion to seal must be provided by declaration or affidavit.

Case 2:06-cv-00109-RSL   Document 16   Filed 07/17/06   Page 3 of 3