UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAVU, INC.,

    Plaintiff,

    v.

OMNIPAK CORPORATION,

    Defendant.

Case No. C06-109RSL

ORDER DENYING MOTION
FOR RECONSIDERATION

## I. INTRODUCTION

This matter comes before the Court on a motion for reconsideration filed by defendant Omnipak Corporation ("Omnipak").[1] (Dkt. #48). Omnipak seeks reconsideration of the Court's January 23, 2007 order granting in part and denying in part plaintiff's motion for class certification (Dkt. #44, the "Order"). The Court granted the motion for class certification but certified a class that was narrower in one respect than the one proposed by plaintiff.

For the reasons set forth below, the Court denies the motion for reconsideration.

---

[1] Because this matter can be decided on the parties' memorandum, supporting documents, and the record, and because the Court heard oral argument on the motion for class certification, Omnipak's request for oral argument is denied.

ORDER DENYING MOTION
FOR RECONSIDERATION- 1

## II. DISCUSSION

Omnipak has filed its motion as a motion for reconsideration, but also moves for relief under Federal Rules of Civil Procedure 23(c)(1)(C) and 60. The Court therefore considers both standards. Under Rule 23(c)(1)(C), an order certifying a class "may be altered or amended before final judgment."

Omnipak argues that the class is not ascertainable because it is defined with reference to ultimate issues rather than objective facts. In the Order, the Court certified the following class:

> All persons, excluding those with whom Omnipak had an established business relationship, who received an unsolicited advertisement promoting "Omnipak's Summer Bag Special is here" via facsimile from Defendant during the period of time defined by the applicable statute of limitations.

The Order analyzed that issue and distinguished the cases Omnipak cites in its motion for reconsideration. Omnipak has not shown that the prior ruling was in error or that it should be altered or amended.

Omnipak further contends that the Court erred by certifying a class where individual issues predominate and a class action is not a superior method of adjudication. As an initial matter, Omnipak argues that the Order confused the issue of commonality with the issue of whether common issues predominate. The Order, however, explicitly set forth the relevant factors regarding predominance and analyzed them. Similarly, the Order also extensively analyzed the issue of whether common issues predominate in light of the typically individual nature of the permission issue. Omnipak has not shown that an alteration or amendment of the Order is warranted.

Omnipak also argues that an individual inquiry will be necessary to determine whether any potential class member was an intended recipient of the facsimile. Whether the entity was an "intended" recipient is irrelevant. Likely recipients can be determined

ORDER DENYING MOTION
FOR RECONSIDERATION- 2

from the Manufacturers' News database list and/or from Omnipak's telephone records. Kavu's expert states that he will be able to determine whether a facsimile transmission was made and completed based on defendant's telephone records. Declaration of Michael Goodman, (Dkt. #53) at ¶ 6. Furthermore, although it will have to be determined whether class members received the relevant facsimile and received it by "telephone facsimile machine" as set forth in the statute, those two individual issues do not defeat certification. As set forth in the Order, numerous common issues exist and predominate, and a class action is the superior method of adjudicating the matter.

Omnipak further argues, for the first time, that certification was improper because Kavu has failed to advance the non-Washington state law claims of other potential class members. Despite Omnipak's allegation, plaintiff has not breached its fiduciary duty to non-Washington class members because it lacks standing to assert other state law claims.[2] Furthermore, although variations among state laws can undermine the predominance element, that will not be an issue in this case, where only federal and Washington claims are asserted.

Defendant also alleges that the Court erred in considering the existence of defendant's liability insurance. Although plaintiff referred to the insurance, the Court did not consider the issue and the Order contains no reference to it.

Omnipak also argues that no class should have been certified under Rule 23(b)(2) because plaintiff does not seek primarily injunctive relief. The Court has already

---

[2] Omnipak also alleges, in a footnote, that non-Washington class members may be unable to pursue TCPA claims if their states have not enacted legislation allowing suits under the TCPA. Omnipak's Motion at p. 10 n.7. The authority on which Omnipak relies is not binding and represents the minority position. Id. (citing Chair King, Inc. v. GTE Mobilnet of Houston, Inc., 184 S.W.3d 707, 716 (Tex. 2006)). As such, the issue does not support decertifying the class.

ORDER DENYING MOTION
FOR RECONSIDERATION- 3

considered and rejected Omnipak's argument. Omnipak has not shown that the prior ruling was erroneous or that it should be altered or amended.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's motion for reconsideration (Dkt. #48).

DATED this 5th day of March, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RECONSIDERATION- 4