UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAVU, INC.,

    Plaintiff,

    v.

OMNIPAK CORPORATION,

    Defendant.

Case No. C06-109RSL

ORDER GRANTING MOTION
TO APPROVE CLASS NOTICE

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff Kavu, Inc. ("Kavu") for approval of the proposed form of Class Notice (Dkt. #50). For the reasons set forth below, the Court grants the motion.

## II. DISCUSSION

The Court granted Kavu's motion for class certification on January 23, 2007 and certified the following class under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3):

> All persons, excluding those with whom Omnipak had an established business relationship, who received an unsolicited advertisement promoting "Omnipak's Summer Bag Special is here" via facsimile from Defendant during the period of time defined by the applicable statute of limitations.

ORDER GRANTING MOTION
TO APPROVE CLASS NOTICE - 1

The Court certified a nationwide class for the TCPA claim, and a Washington state subclass for the WUTA and CPA claims.

Defendant Omnipak Corporation ("Omnipak") concedes, and the Court finds, that the content of the proposed notice is appropriate and meets the requirements of due process and Federal Rule of Civil Procedure 23(c).  The notice informs class members of the nature of the action and their rights, including the ability to opt out of the class.

Omnipak raises three objections to Kavu's motion.  First, Omnipak objects to Kavu's request to mail a copy of the notice to all known class members once Omnipak provides their addresses.  Omnipak argues that notices should be sent by facsimile instead of mailing because it does not possess mailing addresses for most of the potential class members "and there is no practical way to obtain such addresses."  Defendant's Response at p. 2.  Omnipak obtained the class members' facsimile numbers from a Manufacturers' News database in four disks, one each for Washington, Oregon, Idaho, and Montana. After sending the facsimiles, Omnipak lost the disks containing the information from Washington and Oregon.  Omnipak argues that replacement disks are not available because Manufacturers' News updates its database annually and cannot recreate the one in existence when Omnipak sent the facsimile.  However, the updated contact information, whether gleaned from Manufacturers' News or another source, is likely to be more reliable than using contact information from August 2005 when the facsimile was sent.  The fact that Omnipak has lost two of the disks does not preclude mailing the notices.  Also, class members are more likely to receive and give appropriate consideration to notices sent via first class mail.  Accordingly, mailing the notices, rather than transmitting them via facsimile, is the best notice practicable under the circumstances.

ORDER GRANTING MOTION
TO APPROVE CLASS NOTICE - 2

1    Second, Omnipak argues that the notice should be accompanied by a declaration
2 that each class member must sign under penalty of perjury establishing proof of receipt of
3 the facsimile. Omnipak notes that between 50% and 90% of the intended recipients
4 actually received the facsimile. As a result, relying on the database or Omnipak's
5 telephone records would include many entities that did not actually receive the facsimile.
6 Although it will be necessary to determine which entities actually received the facsimile,
7 Omnipak's proposed individual declaration may not be the best way to do so at this time.
8 Kavu notes that its expert, Michael Goodman, has opined, "I am confident that the
9 telephone records and logs produced in this case can be used to establish whether or not a
10 phone connection was made, a fax transmission was initiated, a fax reception made and
11 whether the transmission was interrupted or complete." Declaration of Michael
12 Goodman, (Dkt. #53) at ¶ 6. Mr. Goodman's analysis will be less burdensome to the
13 class and potentially more useful. Accordingly, the Court will not require class members
14 to return the declaration forms at this time. The Court may reconsider the issue later if
15 necessary.

16    Third, Omnipak argues that it should not have to provide mailing addresses for
17 entities with whom it had an established business relationship at the time it sent the
18 facsimile. The Court agrees, since those entities are excluded from the class.

### III. CONCLUSION

20    For all of the foregoing reasons, the Court GRANTS plaintiff's motion to approve
21 the proposed form of Class Notice (Dkt. #50). The form of class notice attached as
22 Exhibit A to plaintiff's motion (Dkt. #50-3) is approved (the "Notice"). Omnipak shall
23 provide to plaintiff's counsel, within thirty days of the date of this Order, copies of the
24 Manufacturers' News database disks used by Omnipak to send the facsimile to entities in

Case 2:06-cv-00109-RSL   Document 66   Filed 03/13/07   Page 4 of 4

Idaho and Montana. Omnipak shall also provide addresses for entities to whom it sent the facsimile in Washington and Oregon, whether gleaned from the updated Manufacturers' News disks or another source. To the extent that Omnipak has any of the information from the disks in written form, copies of the written materials shall also be provided to class counsel within the same time frame. Omnipak shall also provide a list of entities to whom it sent the facsimile and with whom it had an established business relationship at the time. The list shall be attached to a declaration signed by someone with personal knowledge.

Class counsel shall send, via first class mail, a copy of the Notice to all known class members, excluding those with whom Omnipak had an established business relationship, within twenty days after receiving the contact information from Omnipak. Class counsel shall send, via facsimile, a copy of the Notice to all entities to whom Omnipak sent the facsimile whose addresses cannot be ascertained from the databases or other written material provided by Omnipak or by any other reasonable means. Class counsel will advance the costs of sending the notices.

Class counsel must file and serve proof that the Notice was mailed and/or transmitted by facsimile as set forth in this order.

DATED this 13th day of March, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO APPROVE CLASS NOTICE - 4