The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAVU, INC., on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OMNIPAK CORPORATION,<br><br>　　　　　　　　　　　　　　Defendant. | No. C06-0109 RSL<br><br>PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND PROPOSED NOTICE<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JUNE 29, 2007 |

Plaintiff respectfully submits this Motion seeking preliminary approval of the Settlement Agreement between the parties and approval of the Notice Of Class Action And Settlement Hearing ("Class Notice") attached as Exhibit B to the Agreement submitted with this motion.

## I. **INTRODUCTION**

The parties have reached a Settlement Agreement, subject to Court approval, which provides for the payment of $432,000 to create a Settlement Fund. This Fund will pay attorney's fees and costs (including costs of administration of the Settlement), a $5,000 payment to the Class Representative, and $500 to each Class Member who makes a valid claim. Any funds remaining after payment of valid claims will be distributed as a *cy pres* payment to the Legal Aid for Washington Fund ("LAW Fund"). If valid claims exceed the amount available, Class Members who make valid claims will be paid pro rata after payments for attorney's fees, costs, and the

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV02-1032P; Page 1

N:\CLIENTS\25589\113\SETTLEMENT\PRELIMAPPMOTION.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Class Representative. Defendant's insurer is funding the Settlement. A copy of the Settlement Agreement is attached to the Declaration of Mark A. Griffin in Support of Plaintiff's Motion for Preliminary Approval of Settlement Agreement and Proposed Notice ("Griffin Decl.").

## II.  **FACTUAL BACKGROUND**

Kavu operates an outdoor clothing and accessories business in Seattle. On August 13, 2005, Kavu received an unsolicited advertisement by facsimile from Omnipak. Declaration of Joe Pinsoneault (Dkt. # 26), ¶ 2 and Ex. A. Kavu had never done business with Omnipak, had never responded to any letter from Omnipak, and had in no other way given permission to Omnipak to send faxes. *Id.* at ¶ 6.

During 2005, Omnipak learned of a company, Manufacturers' News, that gathered information on companies that might be interested in Omnipak's products. Omnipak further learned from reviewing Manufacturers' News' website that it gathered fax numbers from companies in its database and confirmed the accuracy of the fax numbers both in phone calls and by sending periodic faxes to the companies. Omnipak <u>assumed</u> that by giving their fax numbers to Manufacturers' News the companies were giving permission for faxes to be sent to them. Declaration of James Johnson ("Johnson Decl.") (Dkt. #34), ¶ 5.

In the summer of 2005, Omnipak purchased a database from Manufacturers' News for companies in Washington, Oregon, Idaho and Montana. In August, Omnipak sent the fax in question to "many" of the numbers, hoping to generate business. Prior to sending the fax, Defendant deleted from the database any companies that had previously requested that Defendant refrain from sending them faxes. Defendant may have added or deleted its current customers from the database before sending the fax. Review of telephone records after the faxing demonstrated that Defendant had attempted to fax "close to" 100 of its current customers. *Id.* at ¶ 6. Prior to sending facsimiles in late July through mid-August, 2005, Omnipak had never before sent a broadcast facsimile, and it has not done so since.

Since sending the fax, Omnipak has lost the records of the companies to which it sent the

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV02-1032P; Page 2

N:\CLIENTS\25589\113\SETTLEMENT\PRELIMAPPMOTION.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

broadcast fax in question and has misplaced the disks from Manufacturers' News for Washington and Oregon. *Id.* at ¶ 7. It has also not saved a report generated by its software which indicated to which numbers the fax transmission was completed and to which it was not. Prior to "not saving" the report, Defendant reviewed it and determined that the faxes went through to at least half but less than 90% of the companies to which it was sent. *Id.* at ¶ 8.

Kavu claims that as a result of receiving the facsimile, it and members of the Class experienced damages due to the loss of its paper and toner, the temporary loss of use of its facsimile machine, the potential loss of business while its facsimile machine was in use, and a violation of its right to privacy. Kavu alleges violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Kavu also alleges that Omnipak violated the Washington Unsolicited Facsimile Act ("WUTA"), RCW 80.36.540, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.* The TCPA and the WUTA provide for a $500 penalty for sending an unsolicited facsimile. 47 U.S.C. § 227(b)(3)(B); RCW 80.36.540(2). The TCPA provides for trebling the penalty if the sender "willfully or knowingly" violated the Act. 47 U.S.C § 227(b)(3). A violation of the WUTA is also a violation of the CPA. The CPA provides for attorney's fees and the discretionary trebling of actual damages up to $10,000.

A.   <u>Litigation History.</u>

The Class Action Complaint was filed on December 14, 2005 in King County Superior Court. On January 20, 2006, Defendant removed the action to this Court based on the Class Action Fairness Act of 2005 ("CAFA"). The Class Action Complaint was amended to include all facsimile transmissions made by Defendant during the four year period immediately preceding the filing of the Complaint. Plaintiff moved for class certification, and on January 23, 2007, the Court certified a class comprised of:

> All persons, excluding those with whom Omnipak had an established business relationship, who received an unsolicited advertisement

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV02-1032P; Page 3

N:\CLIENTS\25589\113\SETTLEMENT\PRELIMAPPMOTION.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2          promoting "Omnipak's Summer Bag Special is here" via facsimile from
           Defendant during the period of time defined by the applicable statute of
           limitations.

3 (Dkt. # 44). Defendant moved for reconsideration of this Order, but the Court denied that

4 motion on March 5, 2007 (Dkt. # 62). On March 15, 2007, Defendant filed a Petition for

5 Permission to Appeal from Orders Granting Class Certification and Denying Reconsideration

6 with the Court of Appeals for the Ninth Circuit. That Petition has been fully briefed. Defendant

7 notified the appellate court of the pending settlement negotiations asking that the court refrain

8 from ruling on the Petition. The Ninth Circuit has issued an Order instructing Defendant to file a

9 written status report on or before June 28, 2007. Declaration of Mary Montgomery in Support of

10 Plaintiff's Motion for Preliminary Approval of Settlement Agreement and Proposed Notice

11 ("Montgomery Decl."), Ex. A.

12       On February 27, 2007, Defendant's insurer, Truck Insurance Exchange ("Truck

13 Insurance"), filed a Complaint for Declaratory Relief in the Superior Court of the State of

14 California for the County of Ventura, naming Omnipak and Kavu as defendants and seeking a

15 declaration that it has no duty to defend or indemnify Omnipak in the action pending before this

16 Court. Montgomery Decl., Ex. B.

17       On May 13, 2007, the Court approved the form of class notice proposed by Plaintiff and

18 ordered Defendant to provide Class Counsel with a list of Class Members (Dkt. # 66). As a

19 result of this Order, Defendant produced a list of 7,264 entities that were sent the unsolicited

20 advertisement at issue in this case. Montgomery Decl., ¶ 4.

21       On February 22, 2007, the Plaintiff and the Class filed a motion for summary judgment

22 (Dkt. #55). That motion was fully briefed when the parties reached a settlement in this case.

23       On April 3, 2007, the parties mediated their claims before Judge Larry Jordan, Ret., of

24 Judicial Dispute Resolutions and reached a settlement agreement based on that mediation and

25 subsequent negotiation that occurred over the course of several weeks. On April 27, 2007, Judge

26

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV02-1032P; Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\25589\113\SETTLEMENT\PRELIMAPPMOTION.DOC

Jordan filed a Report notifying the Court of this settlement (Dkt. #69).  Defendant signed the Settlement Agreement yesterday.  Griffin Decl.

B.        Summary of the Terms of the Settlement.

The parties have reached a Settlement Agreement that provides for the payment of $432,000 to create a Settlement Fund in exchange for a release from liability relating to three facsimile transmissions sent in late July through mid-August, 2005, advertising Omnipak's services and products.  It is proposed, subject to Court approval, that the Settlement Fund be used to pay attorney's fees and costs (including costs of administration of the Settlement), a $5,000 incentive payment to the Class Representative, and $500 to each Class Member who makes a valid claim.  Any funds remaining after payment of valid claims will be distributed as a *cy pres* payment to the LAW Fund to support civil legal aid programs in Washington State.  Founded in 1991, the LAW Fund was administratively merged with the Legal Foundation of Washington, the organization that administers IOLTA distributions, in 2004 to more efficiently and effectively fund legal aid programs statewide (http://www.legalaidforwafund.org/lawfund.htm).  If valid claims exceed the amount available, Class Members who make valid claims will be paid pro rata after payments for attorney's fees, costs, and the Class Representative.

### III. LEGAL DISCUSSION

Before a class action may be finally dismissed or compromised, court approval must be obtained, and notice of the proposed dismissal or compromise must be provided in the manner the court directs.  Fed. R. Civ. P. 23(e).  The Manual for Complex Litigation (Fourth) (2007), at § 13.14, sets forth the procedures for preliminary approval of a settlement and notice to the class:

> First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing.  If so, the final decision on approval is made after the hearing.

If the Court's preliminary evaluation discloses no unfairness or deficiencies in the settlement, and if the settlement appears to fall within the range of possible approval, the court should direct

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV02-1032P; Page 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\25589\113\SETTLEMENT\PRELIMAPPMOTION.DOC

that notice issue to the class members advising them of a formal fairness hearing on the settlement. *Id.* The following factors are relevant to <u>final</u> approval: (1) the strength of the Plaintiffs' case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998); *Officers for Justice v. Civil Service Comm'n of the City and County of San Francisco*, 688 F. 2d 615, 625 (9th Cir. 1982). These factors also support preliminary approval here.

A. <u>The Settlement Agreement Resulted From Arms' Length Negotiations And Was Not The Product Of Collusion</u>.

The requirement that the settlement be fair is designed to protect against collusion among the parties. *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F.Supp. 1379, 1383 (D.Md. 1983). There is usually an initial presumption of fairness when a proposed settlement is recommended by class counsel after arms' length bargaining. 4 <u>Newberg on Class Actions</u>, § 11.41 at 118 (4th ed. 2002). Here, the settlement was the result of such arms' length negotiations by experienced lawyers.[1] The negotiations occurred over the course of several weeks and after a day-long mediation before Judge Larry Jordan, Ret.

B. <u>The Value Of This Agreement Outweighs The Mere Possibility Of Future Relief After Protracted Litigation Justifying Preliminary Approval</u>.

The settlement agreement falls within the range of possible approval and warrants notice to Class Members. Kavu previously represented to the Court that the Class will stipulate to a damages cap commensurate to Omnipak's insurance coverage. Defendant produced a list of 7,264 entities that were sent the unsolicited advertisement at issue in this case. Montgomery Decl., ¶ 4. At $500 per facsimile, the statutory damages could be $3,632,000. However,

---

[1] The experience and qualifications of Class Counsel are set forth in the Declaration of Mark A. Griffin (Dkt. #24) and the Declaration of Rob Williamson (Dkt. #25).

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV02-1032P; Page 6

N:\Clients\25589\113\Settlement\prelimappmotion.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendant estimates that at least half but less than 90% of the companies to which the facsimile was sent actually received the fax. Johnson Decl. (Dkt. #34), ¶ 8. Thus, a judgment in the amount of at least $1,816,000 seems likely. Pursuant to the Settlement Agreement, $432,000 will be paid to create a Settlement Fund. Given the fact that Omnipak has a Petition for Permission to Appeal from Orders Granting Class Certification and Denying Reconsideration pending with the Ninth Circuit, Montgomery Decl., Ex. A, and Truck Insurance filed a lawsuit in California state court seeking a declaration that it has no duty to defend or indemnify Omnipak under its policies, *Id.* at Ex. B, this settlement amount appears to be reasonable.

C.  The Proposed Notice of Settlement Agreement is Adequate and Should Be Approved.

"The standard for settlement notice under Rule 23(e) is that it must 'fairly apprise' the class members of the terms of the proposed settlement and of their options." *See Gottlieb v. Wiles*, 11 F.3d at 1001, 1012-13 (10th Cir. 1993). The proposed notice meets this standard. The parties have agreed to the content of the proposed Class Notice attached as Exhibit B to the Settlement Agreement. Griffin Decl. This notice is modeled after the class notice previously approved by the Court (Dkt. #66).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion be granted and that this Court issue an order in the form of the proposed Order (1) preliminarily approving the settlement agreement between the parties; (2) approving the proposed form of Class Notice attached as Exhibit B to the Settlement Agreement; (3) directing Defendant to file a statement of whether it has complied with 28 U.S.C. § 1715 of CAFA; and (4) establishing a schedule and timetable for a hearing on final approval of the Settlement Agreement.

Respectfully submitted this 12th day of June, 2007.

> KELLER ROHRBACK L.L.P.
> By: /s/ Mark A. Griffin
>     Mark A. Griffin, WSBA #16296
>
> Attorneys for Plaintiff Class

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
Case No. CV02-1032P; Page 7

N:\CLIENTS\25589\113\SETTLEMENT\PRELIMAPPMOTION.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384