1
2
3
4
5
6

The Honorable Robert S. Lasnik

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| KAVU, INC., on behalf of itself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) No. C06-0109 RSL |
| | ) PLAINTIFF'S MOTION |
| v. | ) FOR FINAL APPROVAL |
| | ) OF SETTLEMENT AGREEMENT |
| | ) AND PETITION FOR AWARD |
| OMNIPAK CORPORATION, | ) OF ATTORNEYS' FEES AND COSTS |
| | ) |
| Defendant. | ) Noted for Hearing: |
| | ) January 24, 2008 at 8:30 a.m. |
| | ) |

9
10
11
12
13
14
15

16    Plaintiff respectfully submits this Motion seeking final approval of the Settlement

17 Agreement between the parties, which was preliminarily approved by this Court, and an award of

18 attorneys' fees, reimbursement of costs, and payment to the Class Representative.

19                          **I.  INTRODUCTION**

20    The parties have reached a Settlement Agreement, subject to Court approval, which

21 provides for the payment of $432,000 to create a Settlement Fund.  This Fund will pay: $500 to

22 each Class Member who makes a valid claim; $5,000 to the Class Representative; and attorneys'

23 fees and costs (including costs of administration of the Settlement).  For ease of reference, a copy

24 of the Settlement Agreement is attached as Exhibit A to the Declaration of Mark A. Griffin in

25
26

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Support of Plaintiff's Motion for Final Approval of Settlement Agreement and Petition for Award of Attorneys' Fees and Costs to Class Counsel ("Griffin Decl.").

Currently, 149 timely postmarked claims forms had been received. No late forms were received. *See* Declaration of Stephen Tilghman in Support of Plaintiff's Motion for Final Approval of Settlement Agreement ("Tilghman Decl."), ¶ 6. This means that $74,500 will be paid to claimants (*id.* at ¶ 7), plus $5,000 to the Class Representative, if the Settlement is approved by the Court. In addition, after the award of attorneys' fees and reimbursement of costs, the remaining funds will be distributed as a *cy pres* payment to the Legal Aid for Washington Fund ("LAW Fund") to support civil legal aid programs, if the Court approves the Settlement.[1] Founded in 1991, the LAW Fund was administratively merged with the Legal Foundation of Washington, the organization that administers IOLTA distributions, in 2004 to more efficiently and effectively fund legal aid programs statewide (http://www.legalaidforwafund.org/lawfund.htm). Six class members have excluded themselves from the Class. Griffin Decl., Ex. B. No member of the Class has objected to the Settlement Agreement or the proposed award of attorneys' fees, reimbursement of costs, and payment to the Class Representative. *Id.* at ¶ 4.

## II.  **FACTUAL BACKGROUND**

Kavu, Inc. operates an outdoor clothing and accessories business in Seattle. On August 13, 2005, Kavu received an unsolicited advertisement by facsimile from Omnipak (Dkt. # 26). Kavu had never done business with Omnipak, had never responded to any letter from Omnipak,

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and had in no other way given permission to Omnipak to send faxes. *Id.*

During 2005, Omnipak learned of a company, Manufacturers' News, which gathered information on companies that might be interested in Omnipak's products. By reviewing the Manufacturers' News website, Omnipak learned that it gathered fax numbers from companies in its database and confirmed the accuracy of those fax numbers by telephone and sending periodic faxes to the companies. Omnipak <u>assumed</u> that, by giving their fax numbers to Manufacturers' News, the companies were giving permission for faxes to be sent to them (Dkt. #34).

In the summer of 2005, Omnipak purchased a database from Manufacturers' News for companies in Washington, Oregon, Idaho and Montana. In August, Omnipak sent the fax in question to "many" of the numbers, hoping to generate business. Prior to sending the fax, Defendant deleted from the database any companies that had previously requested that Defendant refrain from sending them faxes. Defendant may have added or deleted its current customers from the database before sending the fax. Review of telephone records after the faxing demonstrated that Defendant had attempted to fax "close to" 100 of its current customers. *Id.* Prior to sending facsimiles in late July through mid-August, 2005, Omnipak had never before sent a broadcast facsimile, and it has not done so since.

Since sending the fax, Omnipak has lost the records of the companies to which it sent the broadcast fax in question and has misplaced the disks from Manufacturers' News for Washington and Oregon. *Id.* It has also not saved a report generated by its software which indicated to which numbers the fax transmission was completed and to which it was not. Prior to

---

[1] This amount will be reduced by $5,000 which is to be placed into an "Opt Out Account" to be used by Defendant to satisfy claims of those opting out of the settlement and file a lawsuit against Omnipak. If no such lawsuits are filed before expiration of the last applicable statute of

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"not saving" the report, Defendant reviewed it and determined that the faxes went through to at least half but less than 90% of the companies to which it was sent.  *Id.*

Kavu claims that as a result of receiving the facsimile, it and Class members experienced damages due to the loss of its paper and toner, the temporary loss of use of its facsimile machine, the potential loss of business while its facsimile machine was in use, and a violation of its right to privacy.  Kavu alleges violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, the Washington Unsolicited Facsimile Act ("WUTA"), RCW 80.36.540, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*  The TCPA and the WUTA provide for a $500 penalty for sending an unsolicited advertisement by facsimile.  47 U.S.C. § 227(b)(3)(B); RCW 80.36.540(2).  The TCPA provides for trebling the penalty if the sender "willfully or knowingly" violated the Act.  47 U.S.C § 227(b)(3).  A violation of the WUTA is also a violation of the CPA, which allows for recovery of attorneys' fees and the discretionary trebling of actual damages up to $10,000.

A.    <u>Litigation History.</u>

The Class Action Complaint was filed on December 14, 2005 in King County Superior Court.  On January 20, 2006, Defendant removed the action to this Court based on the Class Action Fairness Act of 2005.  The Complaint was amended to include all facsimile transmissions made by Defendant during the four year period immediately preceding its filing.  Plaintiff moved for class certification, and on January 23, 2007, the Court certified a class comprised of:

> All persons, excluding those with whom Omnipak had an established business relationship, who received an unsolicited advertisement

limitations date, then the Opt Out Account plus interest earned on those funds shall also be distributed to the LAW Fund as a *cy pres* payment.  Griffin Decl, Ex. A, ¶ 4.

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

promoting "Omnipak's Summer Bag Special is here" via facsimile from Defendant during the period of time defined by the applicable statute of limitations.

(Dkt. # 44).  Defendant moved for reconsideration of this Order, but the Court denied that motion on March 5, 2007 (Dkt. # 62).  Defendant then filed a Petition for Permission to Appeal from Orders Granting Class Certification and Denying Reconsideration ("Rule 23(f) Petition") with the Ninth Circuit Court of Appeals.  That Petition has been fully briefed.  Defendant notified the Ninth Circuit of the pending settlement negotiations, asking that the appellate court refrain from ruling on the Rule 23(f) Petition.  The Ninth Circuit issued an order on October 9, 2007, instructing Defendant to file a written status report no later than January 28, 2008, stating whether it wanted to proceed or withdraw the Rule 23(f) Petition.  Griffin Decl., Ex. C.

On February 27, 2007, Defendant's insurer, Truck Insurance Exchange ("Truck Ins.") filed a Complaint for Declaratory Relief in California Superior Court naming Omnipak and Kavu as defendants and seeking a declaration that it has no duty to defend or indemnify Omnipak in the action pending before this Court ("California Coverage Action") (Dkt. #73).

On May 13, 2007, the Court approved the form of class notice proposed by Plaintiff and ordered Defendant to provide Class Counsel with a list of Class Members (Dkt. # 66).  As a result of this Order, Defendant produced a list of 7,264 entities that were sent the unsolicited advertisement at issue in this case (Dkt. #73).

On February 22, 2007, the Plaintiff and the Class filed a motion for summary judgment (Dkt. #55).  That motion was fully briefed when the parties reached a settlement in this case.

B.    The Settlement Agreement.

On April 3, 2007, the parties mediated their claims before Judge Larry Jordan, Ret., of

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Judicial Dispute Resolutions and reached a settlement agreement based on that mediation and subsequent negotiation that occurred over the course of several weeks.  On April 27, 2007, Judge Jordan filed a Report notifying the Court of this settlement (Dkt. #69).

On September 14, 2007, this Court granted preliminary approval to the Settlement Agreement, authorizing the mailing of an amended form of notice (Dkt. #79).  Pursuant to that Order, the Notice of Class Action and Settlement Hearing ("Class Notice") was mailed to members of the Class (Dkt. #81).  As of January 18, 2008, 149 timely postmarked claims forms had been received.  No late forms had been received.  Tilghman Decl., ¶ 6.  Six class members have excluded themselves from the Class.  Griffin Decl., Ex. B.  No member of the class has objected to the Settlement Agreement or the proposed award of attorneys' fees.  *Id.* at ¶ 4.

### III. LEGAL DISCUSSION

A proposed class settlement may be finally approved if the trial court determines it is "fair, adequate and reasonable."  *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998); *Trorrisi v. Tuscon Elec. Power Co*, 8 F. 3d 1370, 1375 (9th Cir. 1993).  This analysis is decidedly practical in nature:

> The Court's approval is necessary to ensure that Class Members' rights have been given due regard and adequate protection by the negotiating parties.  It recognizes, however, that the essence of settlement is compromise.  Compromise involves the moderation of lofty and idealized hopes and the relinquishment of unyielding and absolute positions. (citations omitted).

*In re Washington Public Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989), *aff'd.*, 955 F. 2d 1268 (9thCir.), *cert. denied*, 113 S. Ct. 408 (1992).  Assessment of a settlement proposal requires the Court to consider and balance a number of factors, including: (1) the strength of the Plaintiff's case; (2) the risk, expense, complexity and likely duration of further

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon* at 1026; *Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*, 688 F. 2d 615, 625 (9th Cir. 1982).

A.    The settlement meets the criteria necessary for approval.

Applying the considerations set forth in *Hanlon* to the facts of this case, it is apparent that the Settlement Agreement is fair, reasonable and adequate and is thus entitled to final approval by this Court. The first element is the strength of Plaintiff's case. The history of this litigation suggests that Plaintiff's liability case was strong, though not without risk. Kavu previously represented to the Court that the Class will stipulate to a damages cap commensurate to Omnipak's insurance coverage. Defendant produced a list of 7,264 entities that were sent the unsolicited advertisement at issue in this case (Dkt. #73). At $500 per facsimile, the statutory damages could be $3,632,000. However, Defendant estimates that at least half but less than 90% of the companies to which the facsimile was sent actually received the fax (Dkt. #34). Thus, a judgment in the amount of at least $1,816,000 seems likely. Pursuant to the Settlement Agreement, $432,000 will be paid to create a Settlement Fund. Given the fact that Omnipak has a Rule 23(f) Petition pending with the Ninth Circuit and Truck Ins. filed a lawsuit in California state court seeking a declaration that it has no duty to defend or indemnify Omnipak under its policies (Dkt. #73), this settlement appears to be reasonable under the first *Hanlon* factor.

The second element is the risk, expense, complexity and likely duration of further litigation. This element militates strongly in favor of settlement. As described above, Omnipak

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   and Truck Ins. have vigorously contested this case.  A Rule 23(f) Petition is pending with the

2   Ninth Circuit, and Truck Ins. has a lawsuit pending in California state court challenging the

3   coverage available under Omnipak's insurance policies.  Consequently, Plaintiff is facing

4   additional expense and risk to prove its claims and collect damages from Omnipak's insurer.

5        The third *Hanlon* element, the risk of maintaining class certification through trial, also

6   played a role during settlement negotiations because the Ninth Circuit has not yet ruled on

7   Omnipak's Rule 23(f) Petition.  Griffin Decl., Ex. C.

8        The fourth *Hanlon* element, the amount offered in settlement, also supports approval of

9   the settlement.  The $432,000 Settlement Fund is sufficient to pay all of the claims made by

10  members of the class.  The claims administrator received 149 timely postmarked claims.

11  Tilghman Decl., ¶ 6.  At $500 per claim, this means that $74,500 will be paid to claimants, *id.* at

12  ¶ 7, plus $5,000 to the Class Representative.  After payment of the attorneys' fees and costs,

13  there will be a significant sum remaining for distribution as a *cy pres* payment to the LAW Fund.

14       The fifth *Hanlon* element concerns the extent of discovery and the stage of the

15  proceedings.  When the settlement was reached, discovery was essentially completed, and

16  Plaintiff had filed a motion for summary judgment (Dkt. #55) that had been fully briefed.

17       Sixth, the experience and views of counsel strongly favor settlement.  As set forth in the

18  declarations previously filed with the Court in support of plaintiff's motion for class certification

19  (Dkt. #24 and #25), Class Counsel are experienced and qualified to evaluate and do recommend

20  the proposed settlement.  Moreover, there is a complete lack of evidence of any collusion or bad

21  faith.  The undisputed evidence is that the settlement was negotiated in good faith.  The Ninth

22  Circuit has held that this strongly favors settlements.  *In re: Mego Financial Corp. Securities*

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Lit.*, 213 F. 3d 454, 459-60 (9th Cir. 2000); *Hanlon* at 1027; *Officers for Justice* at 627.

The seventh *Hanlon* element does not apply to this analysis because of the absence of a government participant in this case.  However, it should be noted that Defendant filed a Notice of compliance with 28 U.S.C. § 1715 (Dkt. #74) stating that notice of the proposed settlement was served on the United States Attorney General and the Attorneys General for the states of Washington, Oregon, Idaho, and Montana on June 18, 2007.  None of these governmental entities has acted in response to this notice.  Since more than 90 days have elapsed, the Court is authorized to grant final approval to the proposed settlement under 28 U.S.C. § 1715(d).

Finally, *Hanlon* asks that attention be given to the response of Class members to the settlement.  No member of the class has objected to the Settlement Agreement or the proposed award of attorneys' fees.  Griffin Decl, ¶ 4.  Thus, the *Hanlon* instruction to consider the response of Class members to the settlement also strongly favors approval.

B.    The Court should award of attorneys' fees of $108,000, 25% of the Settlement Fund.

There are two methods to determine and evaluate attorney fee awards in class actions.  The lodestar method is applicable to matters where statutory attorney fees are at issue, whereas the percentage of recovery approach is generally the preferred method under the common benefit theory.  When applying the percentage of recovery approach in common fund cases the benchmark award is 25 percent of the recovery obtained.  *Newberg on Class Actions* §14:6 (noting that: "In the normal range of common fund recoveries in securities and antitrust suits, common fee awards fall in the 20 to 33 per cent range.")

Here, the Class Notice states, "Class Counsel will petition the Court to enter an order awarding attorneys' fees not to exceed 25% of the Settlement Fund plus reimbursement of costs,

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

including costs of administration of the Settlement, and to enter an order for an award to Kavu, Inc. of an incentive payment of $5,000 from the Settlement Fund."  No member of the class has objected to the proposed award of attorneys' fees, reimbursement of costs, and payment to the Class Representative.  Griffin Decl. at ¶ 4.  *In re Cell pathways, Inc. Sec. Litig., II*, 2002 U.S. Dist. LEXIS 18359 at *24 (E.D. Pa. Sept. 23, 2002) (lack of objections to disclosed fee award "shows that the class views the settlement as a success, and indicates that the class does not object to the thirty percent requested by he attorneys. This positive reaction supports approval of the fee petition."); *Ressler v. Jacobson*, F.R.D. 651, 656 (M.D. Fla. 1992) (lack of objections is "strong evidence of the propriety and acceptability" of fee request.)

Although the Court has discretion in a common fund case to calculate the attorneys' fees based on either the percentage-of-the-fund or lodestar method, the weight of authority supports basing common fund awards on a percentage of the recovery. The U. S. Supreme Court has consistently calculated attorneys' fees in common fund cases on a percentage-of-the-fund basis. *See e.g. Sprague* v. *Ticonic Nat1 Bank,* 307 U.S. 161, 165- 67 (1939); *Boeing Co.* v. *Van Gemert,* 444 U.S. 472,478-79 (1980); *Blum* v. *Stenson,* 465 U.S. 886,900 n.16 (1984).  This point was so well established by 1984 that the Supreme Court needed no more than a footnote to make it clear in *Blum* that "under the 'common fund doctrine,' ... a reasonable fee is based on a percentage of the fund bestowed on the class." 465 U.S. at 900 n.16.  The Ninth Circuit has endorsed the percentage of recovery method as appropriate for determining attorneys' fees in a common fund case. *Vizcaino* v. *Microsoft Corp.,* 290 F.3d 1043, 1047-50 (9th Cir. 2002).

Fee awards in common fund cases generally range from 20 to 30 percent of the fund created. *See, e.g., Paul, Johnson, Alston* & *Hunt* v. *Graulty,* 886 F.2d 268, 272 (9th Cir. 1989);

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   *Mashburn* v. *National Healthcare, Inc.,* 684 F. Supp. 679, 692 (M.D. Ala. 1988).  In the Ninth

2   Circuit, the "benchmark" percentage for fee awards is 25%.  *Graulty, 886* F.2d at 273.  In

3   *Vizcaino,* the Ninth Circuit recognized several circumstances that warranted awarding class

4   counsel 28% of the common fund, including: (1) the exceptional results achieved for the class,

5   (2) the extreme riskiness of the litigation, (3) the benefits generated beyond the cash settlement

6   fund, and (4) the financial burdens of class representation. *Id.* at 1048-50.

7

8          In the present case, an award of attorneys' fees based on 25% of the common fund is fair

9   and reasonable in the light of the factors discussed in *Vizcaino,* the lack of objections to the

10  settlement, and other suggested criteria in the Manual for Complex Litigation.  First, Class

11  Counsel obtained an exceptional result in the face of significant risk. Second, this litigation raises

12  contested and complicated issues.  Though Class Counsel has confidence in the claims,

13  Defendant presented a vigorous defense.  Third, no Class members have objected to the amount

14  of attorneys' fees Class Counsel stated it would seek in the Class Notice.  While not dispositive,

15  this also is a relevant factor.  *See Gunter* v. *Ridgewood Energy Corp.,* 223 F.3d 190, 195 n 1

16  (3rd. Cir. May 23, 2000) (stating that the district court should consider "the presence or absence

17  of substantial objections by members of the class to the ... fees requested by counsel").

18  Fourth, Class Counsel carried the financial burden of this litigation, and as evident from the

19  attorney time and expenses invested, were committed to litigating the case through trial and

20  beyond, as necessary.  This, too, is a relevant circumstance that should be taken into account in

21  determining Class Counsel's fee award. *Torrisi* v. *Tucson Elec. Power Co.,* 8 F.3d 1370, 1377

22  (9th Cir. 1993) ("The 25% contingent fee rewarded class counsel not only for the hours they had

23  in the case to the date of the settlement, but for carrying the financial burden of the case,

24

25

26

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

effectively prosecuting it and, by reason of their expert handling of the case, achieving a just settlement for the class.")  Finally, 25% of the common fund for attorneys' fees is fair and reasonable under the suggested criteria for awarding a percentage of the common fund listed in the Manual for Complex Litigation (Fourth) § 14.121 (2007).  Distilling the experience of federal judges in case management, the Manual for Complex Litigation suggests a number of criteria for courts to consider in common fund cases in addition to the results obtained by settlement, including, the complexity and risk involved in the case and the presence or absence of substantial objections by class members.  *!d.* at 243-4.  The Manual also suggests considering: (1) the skill and efficiency of the attorneys involved, and (2) attorneys' fee awards in other cases. *Id.*

Under the first factor, it is important to note that Plaintiffs' counsel are experienced and qualified in class action litigation (Dkt. #24 and #25).  Given the high level of skill Class Counsel in class action litigation, counsel were able to effectively advocate for class members and reach a favorable and timely settlement.  Thus, the skill and efficiency of Class Counsel is a factor that weighs in favor of awarding 25% of the common fund.

The second recommended factor referenced in the Manual, attorneys' fee awards in other cases, also weighs in favor of awarding Plaintiffs' Counsel 25% of the Settlement Fund.  Courts frequently award fees of 30% or more in common fund case.  *See, e.g. Graulty,* 886 F.3d at 272; *In re Activision Sec. Litig.,* 723 F. Supp. at 1378 ("[I]n class action common fund cases the better practice is to set a percentage fee ... at 30%."); *Linney* v. *Cellular Alaska P'ship,* 1997 WL 450064, at *7 (N.D. Cal. July 18, 1997) ("Courts in this district have consistently approved attorneys' fees which amount to approximately one-third of the relief procured for the class."); *In re Businessland Sec. Litig.,* 1991 WL 427887, at *2 (N.D. Cal. June 14, 1991) (finding "a thirty

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   percent award is appropriate" for the "speedy resolution of this complex action"). Thus, Class

2   Counsel's request that this Court order 25%, the benchmark percentage for fee awards, is well

3   within the reasonable range.

4           Some Courts apply the lodestar as a "cross-check" on the requested percentage fee award

5   to ensure that counsel does not receive a "windfall." *See Vizcaino,* 290 F.3d at 1050 ("[W]hile

6   the primary basis of the fee award remains the percentage method, the lodestar may provide a

7   useful perspective on the reasonableness of a given percentage award."). This cross-check is not

8   designed to be a "full-blown lodestar inquiry," but rather an estimation of the value of counsel's

9   investment in the case. Third Circuit Task Force, *Selection of Class Counsel,* 208 F.R.D.

10  340,422-23 (2002). Here, Class Counsel is only seeking an award of attorneys' fees that equals

11  about 34% of the lodestar incurred in this case.

12

13

14
| Law Firm | Amount |
|---|---|
| Keller Rohrback, L.L.P. | $220,758.20 |
| Williamson & Williams | $94,847.50 |
| **TOTAL** | **$315,605.70** |

15

16

17

18  Thus, the lodestar confirms the reasonableness of the percentage fee sought by Class Counsel.

19  C.      The Court should reimburse $16,011.20 in costs advanced by Class Counsel.

20          Contemporaneously with this motion, Class Counsel filed declarations from Mark A.

21  Griffin and Rob Williamson describing $16,011.20 in costs advanced by Class Counsel in this

22  case. At this time, Class Counsel seeks reimbursement of these costs. The claims administrator

23  estimates that the distribution of the Settlement Fund will cost $20,000. Tilghman Decl., ¶ 5.

24  Class Counsel intends to file a subsequent motion to pay the claims administrator from the

25  Settlement Fund once that work is finished. The Class Notice stated the Class Counsel would

26

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

seek reimbursement of these costs, and no class member objected to this payment.  This amount

is fair and reasonable and should be approved by the Court.

D.   <u>The Court should award the Class Representative $5,000 as compensation for its efforts
in bringing this lawsuit.</u>

The Settlement Agreement provides for "an award to Kavu, Inc. of an incentive payment

of $5,000 from the Settlement Fund."  Griffin Decl., Ex. A, ¶ 6.  Such an award is appropriate in

light of the risks the named plaintiff undertook and the amount of time it has given to overseeing

and participating in this action and the California Coverage Action, where it was named as a

defendant.  Kavu worked closely with Class Counsel in providing information, producing

documents, and reviewing the settlement.  These time and risk factors support the award of an

incentive fee to the Class Representative.  Awards to individual class representatives in other

cases have been in the range of $2,500 to $7,560 (median awards in four districts) and $3,375 to

$28,571 (75th percentile awards in four districts).  "Empirical Study of Class Actions in Four

Federal District Courts: Final Report to the Advisory Committee on Civil Rules" by Thomas E.

Willging, Laural L. Hooper & Robert J. Niemic published by the Federal Judicial Center in 1996

(Exhibit D to the Griffin Decl.)  Some representatives have been awarded $25,000.  *See Cook v.

Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *In re Immunex Sec. Litig.*, 864 F. Supp. 142, 145

(W.D. Wash. 1994).  Since the proposed payment is fair and reasonable and because no Class

Members has objected, the Court should enter an order awarding the named plaintiff $5,000.

## IV. <u>CONCLUSION</u>

For these reasons, Plaintiffs respectfully request that their motion be granted and that the

Court issue an order in the form of the proposed Order (1) granting final approval to the

MOTION FOR FINAL APPROVAL AND FEE PETITION
Case No. C06-0109 RSL; Page 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

settlement agreement between the parties and (2) awarding attorneys' fees, reimbursement of

costs and expenses, and compensation to the Class Representative.  Pursuant to Rule 23(h)(3),

proposed Findings of Fact and Conclusions of Law with respect to the proposed Attorney Fees

Award are being submitted with this motion.

Respectfully submitted this 18th day of January, 2008.

KELLER ROHRBACK L.L.P.


By:  s/Mark A. Griffin _____
        Mark A. Griffin, WSBA #16296

Williamson and Williams
Rob Williamson, WSBA #11387

Attorneys for Plaintiff Class

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KAVU, INC., on behalf of itself and all others )
similarly situated,                            )
                                               )     No. C06-0109 RSL
                            Plaintiffs,         )
                                               )     CERTIFICATE OF SERVICE
         v.                                     )
                                               )
OMNIPAK CORPORATION,                            )
                                               )
                            Defendant.          )
                                               )
                                               )
                                               )
                                               )
                                               )
_____)

I hereby certify that on January 18, 2008 I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

Cheryl R.G. Adamson, Andrew J. Kinstler and Roblin John Williamson.

_s/ Mark A. Griffin_____
Mark A. Griffin

CERTIFICATE OF SERVICE
(06-0109RSL) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384