The Honorable Robert S. Lasnik



06-CV-00109-BOND

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KAVU, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OMNIPAK CORPORATION,<br><br>Defendant. | No. C06-0109 RSL<br><br>[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT<br><br>[Clerk's Action Required] |

This matter came before the Court for hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on a proposed settlement presented by Class Counsel and Defendant's Counsel. The Court, having entered the Preliminary Approval Order dated September 14, 2007, having heard the statements of counsel and of such persons who chose to appear at said hearing, and having considered the motion papers, including the Settlement Agreement (and the exhibits appended thereto), the memoranda and other papers filed by the parties, all objections and comments submitted by or on behalf of members of the Class, and other good cause have been shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the Parties and the members of the Class.

[PROPOSED] FINAL APPROVAL ORDER AND
JUDGMENT
Case No. C06-0109 RSL; Page 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

3. Notice as required by the Court's Preliminary Approval Order has been given, and said notice constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Order Granting In Part And Denying In Part Motion For Class Certification (Docket No. 44) and of the Settlement Agreement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4. The Court approves the Settlement Agreement and finds that the Settlement is reasonable and that the Settlement is, in all respects, fair, adequate and reasonable to the Plaintiff and Class Members and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

5. The Class fully, finally, and forever settles, releases, relinquishes, and discharges any and all "Released Claims" against the "Released Parties." For purposes of all release provisions, the Class includes Class Members, their spouses and former spouses, as well as the present, former, and future respective heirs, executors, administrators, representatives, agents, partners, successors, predecessors-in-interest, trustees, and assigns of Class Members.

The "Released Parties" are Omnipak Corporation, including each and all of their direct and indirect parents, subsidiaries, affiliates and related entities, and each and all of their current and former officers, directors, owners, managers, employees, agents, attorneys, vendors, successors, predecessors-in-interest and assigns.

The "Released Claims" are all claims, causes of action, or liabilities that have been or could have been pled in this Lawsuit which any and all Class Members had or may have had as of the date of the filing of the Motion for Preliminary Approval of this Settlement, including without limitation, any claim or liability based upon any violation of any federal or state statute or federal or state regulation, any claim in equity or at common law, whether known or unknown, suspected or unsuspected, threatened or unasserted, actual or contingent, liquidated or unliquidated, that arises from, is related to, is alleged or could have been alleged to arise from or relate to, the three facsimile transmissions sent in late July through mid-August, 2005,

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
Case No. C06-0109 RSL; Page 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1. advertising Omnipak's services and products through such fax transmissions.

Without limiting the foregoing, the Released Claims specifically extend to claims that the Class Members do not know or suspect to exist in their favor as of the date of preliminary approval of this Settlement. In connection with such waiver and relinquishment, Class Members are deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any additional or different facts.

6. The Released Parties forever release and discharge the Class Members from any and all claims that they have or may hereafter acquire by assignment or operation of law for attorney fees, expenses, or other claims arising out of this Lawsuit of whatsoever kind, nature, or description, whether past, present or future, known or unknown.

7. The Court hereby retains jurisdiction to consider all matters related to the disposition and distribution of any funds received from any source for the benefit of the Class, including, without limitation, payments to be made to the Plaintiff and other members of the Class and payment of attorneys' fees and costs to Class counsel.

8. Aside from this Final Approval Order and Judgment and any order awarding attorney's fees, reimbursement of costs, and compensation to the Class Representative for its efforts in prosecuting the Action from the Settlement Fund, no different, additional, or supplemental order or judgment for payment of any damages, attorneys fees, awards, expenses, costs or other amounts shall be entered against Omnipak.

9. This Lawsuit is hereby dismissed with prejudice and without costs (except as otherwise set forth herein). All Class Members are barred from commencing or prosecuting directly, indirectly, or in any other capacity against Omnipak, or against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
Case No. C06-0109 RSL; Page 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

10.     The Settlement reflects a compromise between the Parties to this Action concerning the allegations of this Action, and shall in no event be construed as or be deemed an admission or concession by either party as to the truth of any allegation or the validity of any claim, counterclaim or defense asserted in this Action or any other litigation.

11.     This Final Approval Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, the Settlement and any act performed or document executed pursuant to, in furtherance of or in connection with the Settlement Agreement or the Settlement:

    a.  Will not be offered or received against Omnipak or any Released Party as evidence of, or be construed as or deemed to be evidence of, any admission or concession by Omnipak or any of the Released Parties of the truth or relevance of any fact alleged by Plaintiff, the validity of any claim that has been or could have been asserted in litigation, or the deficiency of any defense that has been or could have been asserted in litigation, or of any liability, negligence, fault, or wrongdoing of Omnipak or any of the Released Parties;

    b.  Will not be offered as or received against Omnipak or any Released Party as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; provided, however, that if this Judgment is entered by the Court, Omnipak may refer to it to effectuate the liability protection granted it hereunder; and further provided that it may be used in an action to enforce this Judgment;

    c.  Will not be construed against Omnipak, the Released Parties, or the Class as an admission or concession that the consideration to be given hereunder

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
Case No. C06-0109 RSL; Page 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

represents the amount which could be or would have been recovered at trial.

12. The Released Parties, including Omnipak, may file the Settlement Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Final Approval Order and Judgment, this Court shall retain continuing jurisdiction to implement the Settlement and to construe, enforce and administer the Settlement Agreement and the Settlement. Additionally, upon notice to Class Counsel, Omnipak may seek from this Court such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

14. In the event that the Settlement does not become fully and finally effective in accordance with the terms of the Settlement Agreement, this Stipulated Judgment and the Final Approval Order and Judgment (if entered) shall be rendered null and void, and shall be vacated, and in such event, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement Agreement or in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

IT IS SO ORDERED.

DATED this 24th day of January, 2008.

_____
The Honorable Robert S. Lasnik
United State District Court

[PROPOSED] FINAL APPROVAL ORDER AND
JUDGMENT
Case No. C06-0109 RSL; Page 5

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Presented by:

Keller Rohrback L.L.P.

By  s/Mark A. Griffin
    Mark A. Griffin, WSBA #16296

Williamson and Williams
Rob Williamson, WSBA #11387
Attorneys for Plaintiff Class

Rettig, Osborne, Forgette, O'Donnell,
 Iller & Adamson, LLP

By  s/Cheryl R.G. Adamson (with consent)
    Cheryl R.G. Adamson WSBA # 19799

Helsell Fetterman LLP
Andrew Kinstler, WSBA # 12703
Attorneys for Defendant

[PROPOSED] FINAL APPROVAL ORDER AND
JUDGMENT
Case No. C06-0109 RSL; Page 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384